IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| PAMELA R. CLEVENGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-CV-6087-SJ-DGK-SSA |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER REMANDING THE CASE

Plaintiff Pamela R. Clevenger petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The administrative law judge ("ALJ") found Plaintiff had multiple severe impairments including spondylosis, vitamin D deficiency, depression, and anxiety, but retained the residual functional capacity ("RFC") to perform work as a housekeeper, children's attendant, or "cashier II." The ALJ thus found her not disabled.

As explained below, because the Court cannot conclude that substantial record evidence supports the ALJ's decision, the case is REMANDED for further proceedings.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending applications on June 12, 2012, alleging a disability onset date of February 1, 2012. The Commissioner denied her applications at the initial claim level. The ALJ heard her case but issued an unfavorable decision.

The ALJ found that Plaintiff had moderate difficulties maintaining "social functioning." R. at 17. The ALJ noted the Plaintiff had "some difficulty interacting with others, which supports additional restrictions." R. at 21. At Step Four, the ALJ assessed an intricate mental RFC for Plaintiff:

> Mentally, [Plaintiff] should never be expected to understand, remember, or carry out detailed instructions. Her job duties must be simple, repetitive, and routine in nature. [She] should never be expected to exercise independent judgment regarding the nature of her job duties. [Her] duties must be low stress in nature (no piece work or commission sales).

R. at 18. The ALJ found that with her RFC, Plaintiff could still work.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the

Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). This five-step process considers whether: "(1) the claimant was employed; (2) he was severely impaired; (3) his impairment was, or was comparable to, a listed impairment; (4) he could perform past relevant work; and if not, (5) if he could perform any other kind of work." *Chaney*, 812 F.3d at 676.

On appeal, Plaintiff argues that the ALJ improperly neglected her moderate deficiencies in social functioning when formulating her RFC. R. at 18.

An ALJ must consider all of Plaintiff's relevant, credible impairments in his RFC formulation. *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016). While the RFC formulation "must set forth all the claimant's impairments, . . . it need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments." *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001).

Despite finding that Plaintiff's social functioning was moderately impaired and noting that those deficiencies "support[] additional restrictions," R. at 21, the ALJ's mental RFC formulation has no restrictions on social interactions. The ALJ never discussed what limitations these deficiencies posed, either in the RFC formulation or in the hypothetical questions asked of the vocational expert. The Court cannot tell why the ALJ failed to do so. The Commissioner

3

neither cites record evidence resolving this patent inconsistency, nor explains whether the inconsistency amounts to harmless error. The ALJ's failure to consider social-functioning limitations was thus error. *See Mabry*, 815 F.3d at 390. Therefore, substantial evidence on the record as a whole does not support the ALJ's decision to deny benefits. *See Ollila v. Colvin*, No. 13-CV-3345-S-DGK-SSA, 2014 WL 7238128, at *3–4 (W.D. Mo. Dec. 17, 2014).

Plaintiff makes additional arguments for why the Court should remand. Because remand is warranted for the above reason, the Court declines to address these arguments.

## Conclusion

This case is REMANDED for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date:  July 15, 2016                             /s/ Greg Kays
                                                  GREG KAYS, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT